In the Matter of DANIEL E. ABRAMS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [855 NYS2d 768]—

Per Curiam. Respondent was admitted to practice by this Court in 1991. He is also admitted to practice in Florida.

By order dated June 29, 2006 (935 So 2d 500 [Fla 2006]), the Supreme Court of Florida suspended respondent, on consent, from practice in that state for a period of one year, effective January 25, 2006. Respondent admitted to numerous violations of the Rules Regulating the Florida Bar. His misconduct involved, among other things, fee sharing with a nonlawyer, assisting a nonlawyer in the unauthorized practice of law, inadequate supervision of a nonlawyer, neglect of a civil case, and failure to respond and communicate with a client. Respondent was further ordered to pay $3,130 in restitution and $1,465.95 in costs. The Supreme Court of Florida reinstated respondent by order dated September 10, 2007 (966 So 2d 968 [Fla 2007]). He was assessed additional costs in connection with his Florida reinstatement in the amount of $1,115.25.

Petitioner moves for an order imposing reciprocal discipline pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent opposes the motion primarily on the grounds that he has been reinstated to practice in Florida, he did not practice law in New York during the period of his Florida suspension and, in view of his suspension in Florida, he has been sufficiently punished for the underlying misconduct. He also cross-moves for an extension of time to file the Florida disciplinary order with this Court as required by this Court's rules (*see* 22 NYCRR 806.19 [b]).

Respondent's opposing papers do not establish any of the available defenses to reciprocal discipline (*see* 22 NYCRR 806.19 [d]) and we therefore grant petitioner's motion. Since this Court was made aware of the Florida disciplinary order by means of the instant motion, respondent's cross motion for an extension of time to file the order is denied as moot.

We further conclude that, under the circumstances presented, and in the interest of justice, the same measure of discipline should be imposed by this Court as was imposed by the Supreme Court of Florida, namely a suspension from practice for a period of one year.

Spain, J.P., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent's cross motion is denied, as moot, and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or

counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).